1  Jeffrey A. Kobulnick, State Bar No. 228299
   E-Mail: jkobulnick@lewitthackman.com
2  Matthew J. Soroky, State Bar No. 258230
   E-Mail: msoroky@lewitthackman.com
3  Heidy A. Nurinda, State Bar No. 333188
   E-Mail: hnurinda@lewitthackman.com
4  LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
   16633 Ventura Boulevard, 11th Floor
5  Encino, California 91436-1865
   Telephone: (818) 990-2120
6  Facsimile: (818) 981-4764

7  Attorneys for Plaintiff,
   NEWMARK MERRILL COMPANIES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK MERRILL COMPANIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWMARK & COMPANY REAL ESTATE, INC., a New York corporation; NEWMARK GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a);**<br><br>**(3) UNFAIR COMPETITION (Cal. Bus. & Prof. § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiff, NEWMARK MERRILL COMPANIES, INC., a California corporation ("NEWMARK MERRILL" or "Plaintiff") by and through this Complaint against Defendants Newmark & Company Real Estate, Inc., a New York corporation ("NEWMARK & CO.") and Newmark Group, Inc., a Delaware corporation ("NEWMARK GROUP") (collectively, "NEWMARK COMPANIES"), and DOES 1 through 10, inclusive, (each a "Defendant" and collectively, "Defendants") alleges to the Court as follows:

**INTRODUCTION**

1. Plaintiff, NEWMARK MERRILL COMPANIES, INC. ("NewMark Merrill"), is a commercial real estate development and management company, and the owner of the highly distinctive NEWMARK MERRILL trademark and stylized NM NEWMARK MERRILL COMPANIES mark (collectively, the "NM Marks"). NewMark Merrill has used the NM Marks in interstate commerce in connection with retail shopping center management and real estate marketing services and related services since at least 1997. Plaintiff owns federal trademark registrations and a pending application for its NM Marks, namely U.S. Trademark Registration No. 2454531 and U.S. Trademark Application Serial No. 97500236 for the NEWMARK MERRILL mark and U.S. Trademark Registration No. 3579194 for the stylized NM NEWMARK MERRILL COMPANIES mark in the form shown below.



2. Plaintiff has provided its real estate and retail shopping center services for more than 25 years under its NM Marks and has invested substantial time and resources in developing its marks and the goodwill associated therewith. As a result, Plaintiff's NM Marks have come to be recognized by consumers as identifying Plaintiff and its recognized high quality services.

3. An issue previously arose between the parties based on Defendants' own use of similar NEWMARK marks, consisting of NEWMARK alone and with other

terms, also in connection with commercial real estate and financial services (collectively, the "NEWMARK Marks"), as Plaintiff was concerned that consumers had been and were likely to continue to be misled and confused as to the source, sponsorship, affiliation and/or endorsement of Defendants' services.

4. The Parties, including various predecessor entities, entered into a Settlement and Co-Existence Agreement in or around July 7, 2004 (the "2004 Agreement") in which they agreed to various terms of co-existence, to resolve the above concerns.[1] The agreement provided certain parameters for use of their respective marks. Unfortunately, as discussed below, Defendants breached that Agreement, and as a result are engaging in false designation of origin and unfair competition. The Parties were attempting to negotiate a further agreement to resolve the outstanding issues, but Defendants stopped responding to Plaintiff, rendering this action necessary.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the laws of the United States – namely, the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

6. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendants are citizens of different states and upon information and belief the amount in controversy exceeds $75,000.

7. Upon information and belief, this Court has personal jurisdiction over Defendants in that they transact substantial business in the State of California. By way of example only, Defendants regularly advertise their business and services online to consumers throughout the United States, including this judicial district. On information and belief, Defendants also have offices and employees in California.

---

[1] At the time of the 2004 Agreement, Plaintiff's entity name was NewMark Merrill Companies, LLC, which subsequently converted to NewMark Merrill Companies, Inc.

8. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(2) because Defendants are business entities subject to this Court's personal jurisdiction. Defendants also agreed to personal jurisdiction over them in this District pursuant to the terms of the executed 2004 Agreement.

## THE PARTIES

9. Plaintiff NEWMARK MERRILL COMPANIES, INC. is a California corporation, having its principal place of business at 24025 Park Sorrento, Suite 300, Calabasas, CA 91302.

10. Defendant NEWMARK & COMPANY REAL ESTATE, INC. is a New York Corporation, having its principal place of business at 125 Park Avenue, New York, New York 10017.

11. Defendant NEWMARK GROUP, INC. is a Delaware Corporation, having its principal place of business at 125 Park Avenue, New York, New York 10017.

12. Upon information and belief, Defendant Newmark Group, Inc. is the parent company and/or affiliate of Defendant Newmark & Company Real Estate, Inc.

13. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiff in connection with the acts alleged herein.

14. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, each of the Defendants shared a unity of interest. Specifically, each of the Defendants are the alter ego of each other, in that each is not only influenced and governed by each other, but there exists such a unity of interest between them that the individuality and separateness of each of them have ceased, and the facts are such that

an adherence to the fiction of the separate existence of each them would, under the particular circumstances, sanction a fraud or promote injustice.

## **GENERAL ALLEGATIONS**

### **The Parties and Their 2004 Agreement**

15.  Plaintiff is a commercial real estate development and management company, and the owner of the highly distinctive NEWMARK MERRILL trademark and stylized NM NEWMARK MERRILL COMPANIES mark (collectively, the "NM Marks"), which it has used in connection with retail shopping center management and real estate marketing services among related services since at least 1997. Plaintiff owns the following federal trademark registrations and pending application for its NM Marks:

  a. U.S. Trademark Registration No. 2454531 for the NEWMARK MERRILL mark in standard characters (which protects the mark in all forms), registered in International Class 36 for use in connection with "Retail shopping center management services" since at least April 8, 1997;

  b. U.S. Trademark Application Serial No. 97500236 for the NEWMARK MERRILL mark in standard characters:

   i. in International Class 35 for use since at least April 17, 1997 in connection with "Shopping center consulting, namely, providing consultation in the areas of market research, brand repositioning and commercial feasibility analysis for shopping centers; Marketing services; Real estate marketing services";

   ii. in International Class 36 for use since at least April 8, 1997 in connection with "Retail shopping center management services; Real estate management services, namely, retail shopping center management; leasing of shopping center space; shopping center consulting services, namely,

      providing consultation in the areas of tenant leasing, real estate asset management, real estate investment and retail financing for shopping centers; Real estate acquisition and development services; Leasing of real estate; Real estate leasing services; property management services; Real estate services, namely, rental property management; Real estate services, namely, property management services for shopping malls"; and

   iii. in International Class 37 for use since at least April 17, 1997 in connection with "Real estate development services in the field of shopping centers; shopping center consulting services, namely, providing consultation in the areas of construction administration and development of shopping centers" and

 c. U.S. Trademark Registration No. 3579194 for the stylized NM NEWMARK MERRILL COMPANIES mark in the form shown below



   i. in International Class 35 for use since at least April 17, 1997

       in connection with "Shopping center consulting, namely, providing consultation in the areas of market research, brand repositioning and commercial feasibility analysis for shopping centers";

  ii. in International Class 36 for use since at least April 17, 1997 in connection with "Real estate management services, namely, retail shopping center management; leasing of shopping center space; shopping center consulting services, namely, providing consultation in the areas of tenant leasing, real estate asset management, real estate investment and retail financing for shopping centers" and

  iii. in International Class 37 for use since at least April 17, 1997 in connection with "Real estate development services in the field of shopping centers; shopping center consulting services, namely, providing consultation in the areas of construction administration and development of shopping centers".

16. Plaintiff's federal trademark registrations are valid and subsisting, and are evidence that Plaintiff owns the exclusive right to the NM Marks, including in the stylized form shown above, nationwide, for use with those registered services.

17. Plaintiff has expended substantial time and resources in developing its NM Marks, including the goodwill associated therewith. As a result of Plaintiff's continued and extensive use of its NM Marks for more than 25 years, consumers have come to recognize the NM Marks as identifying Plaintiff and its services. With offices in Longmont, Colorado, Los Angeles, Sacramento, San Diego and Chicago, NewMark Merrill owns and manages more than 12 million square feet of retail assets comprised of more than 2,000 tenants across 95 communities. NewMark Merrill's accomplishments have been covered in various media publications, including, but not

limited to the Los Angeles Times' publication called: Los Angeles and Orange Counties Business Commercial Real Estate (June 20, 2021); Globe St.com, Globe St 2021 Top Influencers (June 11, 2021); Los Angeles Business Journal, 100 Fastest Growing Private Companies 2019—Ranked No. 5 (Dec 3, 2019); Inc. 5000 (Nov 6, 2019), San Fernando Valley Business Journal, NewMark Merrill Companies, Inc. Named #2 Fastest Growing Private Company (Nov 2019).

18. An issue previously arose between the parties based on Defendants' own use of similar NEWMARK marks, consisting of NEWMARK alone and with other terms, also in connection with commercial real estate and financial services (collectively, the "NEWMARK Marks"), as Plaintiff was concerned that consumers had been and were likely to continue to be misled and confused as to the source, sponsorship, affiliation and/or endorsement of Defendants' services.

19. The Parties, including various predecessor Newmark Companies entities, entered into a Settlement and Co-Existence Agreement in or around July 7, 2004 (the "2004 Agreement") in which they agreed to various terms of co-existence, to resolve the above concerns.

20. The executed 2004 Agreement includes certain restrictions on Defendants' use of the term NEWMARK in connection with Defendants' services.

**Defendants' Misconduct**

21. On or about October 26, 2020, Plaintiff sent notice to Defendants that Defendants were in breach of the 2004 Agreement, based on, *inter alia*, Defendants' use of the term NEWMARK alone in certain states, and in publications and other marketing materials, in connection with Defendants' retail brokerage services.

22. Defendants' use of the NEWMARK Marks in such manner is without Plaintiff's authorization and breaches the 2004 Agreement.

23. Defendants' continued use of the NEWMARK Marks in such manner is likely to confuse consumers to believe that Defendants are affiliated with Plaintiff, thereby falsely designating the origin of Defendants' services and unfairly competing

with Plaintiff.

24. Defendants have been on actual and constructive notice of their breach of the 2004 Agreement, yet continue to use the NEWMARK Marks in ways prohibited under the 2004 Agreement.

25. At all relevant times, Defendants' misconduct was intentional, willful and malicious, such that this is an exceptional case under the Lanham Act, and enhanced damages are warranted.

26. Plaintiff is informed and believes, and thereupon alleges that, absent the intervention of this Court, Defendants' willful violations will continue, and Plaintiff and consumers will continue to be harmed.

## COUNT ONE

### (Breach of Contract)

### (Against All Defendants)

27. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

28. As discussed herein, the Parties entered into the 2004 Agreement to resolve Plaintiff's concerns about Defendants' use of confusingly similar trademarks in connection with services which were similar to Plaintiff's own services. The 2004 Agreement imposed certain restrictions on Defendants' use of the term NEWMARK in connection with Defendants' services going forward, as further discussed below.

29. Section 1 of the 2004 Agreement states as follows: The NCRE Companies[2] agree that in California, Nevada and Arizona, the NCRE Companies shall use the mark NEWMARK NEW SPECTRUM or NEWMARK PACIFIC when identifying their "retail brokerage business."… The NCRE Companies further agree that any promotional and/or marketing activities undertaken by NCRE with respect to "retail brokerage business" shall allow third parties to distinguish such services from

---

[2] Defendant Newmark & Company Real Estate, Inc is one of the parties referred to as the NCRE Companies in the 2004 Agreement.

retail shopping center management services.

30. Section 2 of the 2004 Agreement states as follows: Except as provided in paragraph 1 above, the NCRE Companies agree that in California, Nevada and Arizona, when identifying any services relating to commercial real estate, the NCRE Companies shall use the name NEWMARK only as part of the name and mark NEWMARK PACIFIC.

31. Section 11 of the 2004 Agreement provides: In California, Nevada, and Arizona, prior to any material change or modification of any mark, logo and/or design which is the subject of this Agreement, the party seeking such material change or modification shall submit for approval by the other party any such proposed material change or modification in such detail as may reasonably be requested, such approval not to be unreasonably withheld or delayed.

32. Section 12 of the 2004 Agreement provides: Each party shall cause any future subsidiaries and/or Affiliates (as defined in paragraph 13 below) of such party to abide by the terms and conditions set forth in this Agreement.

33. Section 22 of the 2004 Agreement provides: In the event of a material breach of this Agreement, the non-breaching party shall provide the breaching party with written notice stating in reasonable detail the nature of the breach. The breaching party shall have thirty (30) days after the receipt of such written notice to cure such breach, provided, however, that, in the event that the breach cannot be cured within such thirty (30) day period, the breaching party must commence cure as promptly as practicable and diligently proceeds thereafter to cure within a reasonable period of time.

34. Upon information and belief, long after the 2004 Agreement was executed, Defendants began using the term NEWMARK in a manner not authorized by Plaintiff, and in breach of the 2004 Agreement, including in connection with Defendants' services, advertising, promotional and marketing activities. In particular, Defendants began using, advertising, marketing and promoting the term NEWMARK alone and without other formative words as required by the 2004 Agreement in certain states,

including in California, without seeking approval from Plaintiff, in violation of Sections 1, 2, 11 and 12 as set forth above. Attached hereto as **Exhibit A** is a true and correct copy of Defendants' press release dated October 19, 2020 taken from Defendants' website (www.nmrk.com) reflecting same.

35. Plaintiff sent Defendants a letter in October 2020 putting Defendants on notice of their breach of the 2004 Agreement. Unfortunately, Defendants have not cured their breach, which in and of itself is a violation of Section 22 of the 2004 Agreement.

36. As a result of Defendants' breach of the 2004 Agreement, Plaintiff has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount yet to be determined.

37. Defendants have derived and, unless enjoined, will continue to derive unlawful gains and profits as a result of their acts.

38. If the aforesaid acts are permitted to continue, further loss and damage and irreparable injury will be sustained by Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT TWO
### (Unfair Competition and False Designation of Origin)
### (15 U.S.C. § 1125(a))
### (Against All Defendants)

39. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

40. Defendants are using the NEWMARK Marks in ways prohibited by the 2004 Agreement without authorization from Plaintiff in connection with retail brokerage services, commercial real estate and related services that are of the same general nature and type as those that Plaintiff has long used in connection with its own NM Marks.

41. Defendants' unauthorized uses of the NEWMARK Marks are likely to

cause confusion to the general public as to the sources of Plaintiff's and Defendants' respective services.

42. By misappropriating and using the NEWMARK Marks in breach of the 2004 Agreement, Defendants misrepresent and falsely describe to the general public the origin and source of Defendants' services and create a likelihood of confusion by ultimate purchasers as to the source, sponsorship, affiliation and/or endorsement of such services.

43. Defendants' unauthorized use of the NEWMARK Marks in connection with their services creates express and implied misrepresentations that those services are affiliated with Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

44. Defendants' aforesaid acts violate Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a), in that Defendants' uses of the NEWMARK Marks, in connection with Defendants' services in interstate commerce constitutes a false designation of origin, and unfair competition.

45. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its business, goodwill and reputation.

46. As a result of Defendants' activities, Plaintiff has been damaged in an amount to be determined at trial and including but not limited to the costs of this action.

47. Plaintiff is entitled to recover its actual damages and Defendants' profits realized from Defendants' use of the confusingly similar NEWMARK Marks in ways prohibited under the 2004 Agreement.

48. Furthermore, Defendants' continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

/ / /

/ / /

# COUNT THREE

**(California State Unfair Competition)**

**(California Business and Professions Code §§ 17200 *et seq.*)**

**(Against All Defendants)**

49. Plaintiff repeats, re-alleges and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in the paragraphs above.

50. California Business and Professional Code section 17200, *et seq.* (the "UCL") prohibits unfair competition, that is, any unlawful, unfair or fraudulent business act or practice.

51. Defendants have committed acts of unfair competition as defined by the UCL. The aforesaid acts by Defendants are likely to cause injury to Plaintiff's reputation and result in Defendants' unfairly competing with Plaintiff in violation of the UCL.

52. Defendants' actions as alleged above violate the "unfair" prong of the UCL because (a) the utility of such actions is outweighed by the gravity of the harm they cause to Plaintiff; (b) such actions are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers; and (c) such actions constitute incipient violations of state and federal antitrust laws.

53. Defendants' actions as alleged above violate the "fraudulent" prong of the UCL because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

54. Defendants' actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in the Counts above. Defendants' violation of each of those statutes represents an independently actionable unlawful business practice in violation of the UCL.

55. The UCL provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition.

56. As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has suffered a monetary loss in an amount to be proven at trial. Accordingly, Plaintiff is entitled to restitution and/or disgorgement of profits realized by Defendants by reason of Defendants' unlawful acts.

57. Defendants' conduct has injured Plaintiff and unless enjoined, will continue to cause great, immediate and irreparable injury to Plaintiff.

58. Plaintiff is without an adequate remedy at law, and is therefore entitled to injunctive relief, equitable relief, and an order for restitutionary disgorgement of all of Defendants' ill-gotten gains pursuant to California Business and Professions Code § 17203. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation. Plaintiff is therefore entitled to injunctive relief, enjoining Defendants from continuing to the use the NEWMARK Marks in connection with retail brokerage, commercial real estate and related services in certain states, namely, California, Arizona and Nevada, pursuant to the terms of the 2004 Agreement.

59. Plaintiff is entitled to recover its actual damages and Defendants' profits realized from Defendants' unauthorized use of the NEWMARK Marks with their services.

60. Furthermore, Defendants' continued willful violation of Plaintiff's rights with full knowledge of said rights entitles Plaintiff to recover enhanced damages and reasonable attorneys' fees.

61. At all relevant times, Defendants' misconduct was intentional, willful, oppressive, fraudulent and malicious, such that punitive damages are warranted.

## PRAYER

**WHEREFORE**, Plaintiff demands judgment as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be

preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

    a.    from using NEWMARK alone, as part of a mark, trade name, or domain name, on or in connection with the advertising, offering for sale or sale of any retail brokerage, commercial real estate services or related services in California, Arizona and Nevada, except as allowed under the 2004 Agreement;

    b.    from passing off, inducing, or enabling others to sell or pass off any services as affiliated with, authorized or approved by Plaintiff;

    c.    from committing any acts calculated to cause purchasers to believe that Defendants' services are sponsored, affiliated, endorsed, approved by, connected with or guaranteed by Plaintiff; and

    d.    from otherwise competing unfairly with Plaintiff.

2.    That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath with penalty of perjury setting forth in detail the manner in which Defendants have complied with paragraph 1 above.

3.    That Defendants account for and pay over to Plaintiff profits realized by Defendants by reason of Defendants' unlawful acts herein alleged.

4.    That Plaintiff be awarded damages in an amount to be determined at trial for Defendants' willful unauthorized use of the NM Marks in violation of the 2004 Agreement.

5.    That Plaintiff be awarded three times the amount of its actual damages pursuant to 15 U.S.C. §1117.

6.    That Plaintiff be awarded punitive damages in an amount to be proven at trial.

7.    That Plaintiff be awarded reasonable attorneys' fees and such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth in the 2004 Agreement and 15 U.S.C. § 1117.

8. That Defendants be ordered to disgorge all of their ill-gotten gains pursuant to California Business and Professions Code § 17203.

9. For all such further relief as the Court finds proper.

Dated: March 30, 2023

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: */s/ Jeffrey A. Kobulnick*
JEFFREY A. KOBULNICK
MATTHEW J. SOROKY
HEIDY A. NURINDA
Attorneys for Plaintiff, NEWMARK MERRILL COMPANIES, INC.
.

## **DEMAND FOR JURY TRIAL**

Plaintiff NEWMARK MERRILL COMPANIES, INC. hereby demands a trial by jury for all issues so triable in this action.

Dated: March 30, 2023

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: */s/ Jeffrey A. Kobulnick*
JEFFREY A. KOBULNICK
MATTHEW J. SOROKY
HEIDY A. NURINDA
Attorneys for Plaintiff, NEWMARK MERRILL COMPANIES, INC.