Jeffrey A. Kobulnick, State Bar No. 228299
E-Mail: jkobulnick@lewitthackman.com
Matthew J. Soroky, State Bar No. 258230
E-Mail: msoroky@lewitthackman.com
Heidy A. Nurinda, State Bar No. 333188
E-Mail: hnurinda@lewitthackman.com
LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN
16633 Ventura Boulevard, 11th Floor
Encino, California 91436-1865
Telephone: (818) 990-2120
Facsimile: (818) 981-4764

Attorneys for Plaintiff,
NEWMARK MERRILL COMPANIES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK MERRILL COMPANIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWMARK & COMPANY REAL ESTATE, INC., a New York corporation; NEWMARK GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No. 2:23-CV-02370-HDV-E<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE: DEPOSITION OF HOWARD LUTNICK**<br><br>**Date: October 18, 2024**<br>**Time: 9:30 a.m.**<br>**Courtroom: 750, 7th Floor**<br>**Judge: Hon. Charles F. Eick** |

Plaintiff Newmark Merrill Companies, Inc. ("Plaintiff" or "Newmark Merrill") submits the following supplemental memorandum in opposition to Defendants Newmark & Company Real Estate Inc. and Newmark Group, Inc. (collectively "Defendants") request for a Protective Order Re: Deposition of Howard Lutnick (Dkt. 72).

Plaintiff reiterates that Defendants' motion is premature. Plaintiff has repeatedly offered to take Mr. Lutnick's deposition last in order, and then only upon an actual need based on Mr. Lutnick having unique knowledge—which, it should be noted, Plaintiff believes Mr. Lutnick has, given his public statements and the fact that Defendants would and could not have followed through on so significant a business decision as the rebrand that is the subject of this lawsuit without Mr. Lutnick's ultimate review, comment, and authority. In any event, the motion should be denied for at least the following reasons:

1. Plaintiff has not yet received any of Defendants' internal communications, which Plaintiff expects will be part of a substantial production of documents forthcoming from Defendants on October 15, 2024. Given Mr. Lutnick's position, the undisputable fact that he was personally involved in Defendants' decision to rebrand as Newmark alone nationwide (which Plaintiff maintains was a breach of the Parties' 2004 agreement), and spoke publicly regarding same, those documents should include emails confirming his unique personal knowledge on issues in this case. Mr. Lutnick is the ultimate decision-maker. He knew about, participated in, and made the decision to rebrand (in violation of the 2004 Agreement). There are *no facts* offered by Defendants saying otherwise. This alone justifies denying the motion.

2. No depositions have been taken yet, as the parties have been waiting to receive and review each other's supplemental document production. As

such, it is unknown what facts other witnesses may not know, which Mr. Lutnick may be identified as the person with such knowledge. Defendants cannot credibly suggest that Mr. Lutnick has no unique knowledge just because other people, also involved in key decisions, will also be deposed. Unlike the typical "apex" deponent, far removed from mid-level managers that solely participated in disputed conduct, Mr. Lutnick controls Defendants and ultimately had and exercised the authority to have Defendants rebrand as "Newmark" alone, which is the key conduct in this case. Nothing in Defendants' submissions suggests, let alone shows otherwise.

3. Further, Plaintiff has offered to schedule Mr. Lutnick's deposition after all other depositions have been taken and consider foregoing his deposition should it become clear that Mr. Lutnick has no unique personal knowledge. In other words, Plaintiff is attempting to obtain all information in discovery through less intrusive means if possible. That is the proper process, and Plaintiff is following it.

Although Mr. Lutnick is the Chairman of Newmark Group, Inc., his title alone does not shield him from deposition should it be determined that he possesses relevant and unique knowledge. While discovery is ongoing and no internal communications have been produced by Defendants, nor have depositions been taken, Plaintiff is aware that Mr. Lutnick has personally made public statements regarding Defendants' use of Newmark alone which goes to the heart of Plaintiff's breach of contract claim.[1] Based on this information, and before reviewing documents or speaking to other witnesses, Plaintiff reasonably expects

---

[1] Defendants' argument that its use of Newmark alone, nationwide, is not prohibited by the 2004 Agreement, does not change the fact that a national rebrand implemented in the protected states of California, Arizona and Nevada is a breach of the 2004 Agreement.

1  based on his own comments, Defendants' organizational structure and
2  relationships, and common sense that Mr. Lutnick has personal and unique
3  knowledge as to a national rebrand that affected many of his companies. Notably,
4  if Mr. Lutnick did not know about that national rebrand, this in itself is relevant
5  (certainly it is discoverable)—how could such a thing happen, what caused that
6  situation, and what if anything was done about it?

7  Whether the articles were published by third parties is irrelevant. Mr.
8  Lutnick served as the rebrand spokesperson instead of any other officer, including
9  Mr. Gosin, the CEO whose deposition has also been noticed but Defendants do not
10 oppose. In fact, ***Defendants concede*** that "as a senior executive, ***Mr. Lutnick
11 would necessarily be involved*** in any corporate reorganization." (Dkt. 76; p.3 ln. 6-
12 7). Defendants concede that Mr. Lutnick has personal knowledge of relevant facts;
13 given his unique position (i.e., the ultimate decision-maker), that knowledge
14 necessarily has to also be unique, setting aside Plaintiff's showing to the same
15 effect. Plaintiff cannot be expected to know at this time whether the same
16 information can be obtained through other high-ranking executives (for the reasons
17 above, it almost certainly cannot) without the benefit of having received additional
18 discovery, including all documents the Court has ordered Defendants to produce,
19 but have not yet been produced.

20 Furthermore, Defendants' argument that Plaintiff has failed to exhaust less
21 intrusive methods is also premature, and accordingly inaccurate. As stated,
22 Plaintiff is expecting a substantial volume of documents, which should include
23 internal communications that shed light on the appropriate witnesses. Most
24 importantly, Plaintiff has previously proposed and once again stated in the Joint
25 Stipulation, that it is willing to take Mr. Lutnick's deposition at the end so that if it
26 is reasonably apparent that his deposition is not necessary, Plaintiff will not take
27 his deposition. By making the request at this time, Defendants are actually seeking

Lewitt, Hackman, Shapiro, Marshall & Harlan
A Law Corporation

- 3 -
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER RE: DEPOSITION OF HOWARD LUTNICK

to prevent Plaintiff from attempting to exhaust other discovery methods. If nothing else, should the motion be granted, it should be without prejudice such that Plaintiff may, after taking additional depositions and obtaining Defendants' internal communications, come back and establish with evidence the need for Mr. Lutnick's deposition. Defendants have that evidence, and simply have chosen to not yet produce it.

For these reasons, it would be premature and prejudicial at this stage to deny Plaintiff the right to determine whether Mr. Lutnick has unique knowledge that would subject him to a deposition and Defendants' request for a protective order should be denied.

Dated: October 4, 2024

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: */s/ Jeffrey A. Kobulnick*
    JEFFREY A. KOBULNICK
    HEIDY A. NURINDA
Attorneys for Plaintiff, NEWMARK MERRILL COMPANIES, INC.