UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 23-2370-HDV(Ex) | Date | October 9, 2024 |
| Title | NEWMARK MERRILL COMPANIES, INC. v. NEWMARK & COMPANY REAL ESTATE, INC., ET AL. | | |

Present: The Honorable Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:** None

**Attorneys Present for Defendants:** None

**Proceedings:** **(IN CHAMBERS)**

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Defendants Newmark & Company Real Estate, Inc.'s and Newmark Group, Inc.'s Motion for a Protective Order" ("the Motion"), filed September 27, 2024. The previously noticed October 18, 2024 hearing is vacated. The Magistrate Judge has taken the Motion under submission without oral argument.

The Motion concerns the issue of whether the members of the "CFS Litigation Team" may have access to discovery documents designated by Plaintiff as "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY." (Apart from this issue, the parties evidently have agreed on the terms of a proposed protective order).

In evaluating whether the risk of inadvertent disclosure of sensitive discovery materials by a party's counsel is so great as to warrant precluding that counsel from having access to those materials, the court examines the "factual circumstances" of counsel's relationship to the party represented. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir.), cert. denied, 506 U.S. 869 (1992) (citing U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984)) ("Brown Bag"). "[T]he 'crucial factor' in this determination" is whether the counsel "engages in 'competitive decisionmaking.'" Barnes and Noble Inc. v. LSI Corp., 2012 WL 601806, at *2 (N.D. Cal. Feb. 23, 2012) (citing Brown Bag).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 23-2370-HDV(Ex) | Date | October 9, 2024 |
| Title | NEWMARK MERRILL COMPANIES, INC. v. NEWMARK & COMPANY REAL ESTATE, INC., ET AL. | | |

Here, Defendants have submitted evidence that the "CFS Litigation Team" is composed of "litigation specialists" "generally not involved in decision-making related to non-litigation related competitive matters" ("Declaration of Nirav S. Shah, etc.," filed September 27, 2024, ¶¶ 6, 10). And, as related to the present case in particular, the same evidence indicates that "the team has no involvement at all in day-to-day pricing, forecasting, marketing or competitive strategy, either related to Defendants' commercial real estate business more broadly or to matters related to retail shopping centers" (id., ¶ 10). Plaintiff has failed to submit any materially contrary evidence. In particular, Plaintiff's apparent argument that the "CFS Litigation Team's" participation in settlement conferences equates to "competitive decisionmaking" within the meaning of Brown Bag is not well taken. See, e.g., Live Eyewear, Inc. v. Biohacked, Inc., 2019 WL 8955426, at *6 (C.D. Cal. July 23, 2019); Pinterest, Inc. v. Pintrips, Inc., 2014 WL 5364263, at *2 n.2 (N.D. Cal. Oct. 21, 2014); Brunckhorst Co. v. Ihm, 2012 WL 684760, at *2 (S.D. Cal. March 2, 2012); cf. Sprint Communications Co. v. Big River Telephone Co., 2008 WL 4401690, at *4 (D. Kan. Sept. 16, 2008).

Accordingly, there is an insufficient evidentiary basis to warrant a protective order that would prejudice Defendants by precluding the "CFS Litigation Team" from having access to discovery documents designated by Plaintiff as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Therefore, the Magistrate Judge now issues and enters the "[Proposed] Protective Order" attached as Exhibit A to the "Declaration of Nirav S. Shah, etc.," filed September 27, 2024.

cc: Judge Vera
All Counsel of Record

Initials of Deputy Clerk VMUN