COOLEY LLP
BOBBY GHAJAR (198719)
(bghajar@cooley.com)
COLETTE GHAZARIAN (322235)
(cghazarian@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

REBECCA GIVNER-FORBES (*pro hac vice*)
(rgf@cooley.com)
1299 Pennsylvania Ave, Suite 700
Washington, DC 20004
Telephone: (202) 776-2382
Facsimile: (202) 842-7899

CANTOR FITZGERALD SECURITIES
NIRAV S. SHAH (*pro hac vice*)
(nirav.shah@cantor.com)
110 East 59th Street, 7th Floor
New York, NY 10022
Telephone: (212) 298-7873
Facsimile: (646) 219-9670

Attorneys for Defendants
NEWMARK & COMPANY REAL ESTATE,
INC. and NEWMARK GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMARK MERRILL COMPANIES, INC., a California Corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>NEWMARK & COMPANY REAL ESTATE, INC., a New York corporation; NEWMARK GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants/Counter-claimants. | Case No. 2:23-cv-02370-HDV-E<br><br>**PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER:**<br>**HON. CHARLES F. EICK** |

1. **Introduction**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 79-5 and the Court's publicly available Procedures and Schedules, the Court, having considered the Motion for Entry of the Protective Order, finds:

    **1.1**    **Purposes and Limitations**

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court is entering the following Protective Order. The parties have acknowledged that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

The parties have further acknowledged that this Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the standards that apply and the procedures that must be followed when a party seeks permission from the court to file material under seal.

    **1.2**    **Good Cause Statement**

Resolution of the claims set forth in the Complaint will likely require analysis of marketing information, non-public pricing and sales information, internal business communications, identification of customers, sales transactions/business relationships with third parties, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under obligations to third parties, state or federal statutes, court rules, case decisions, or common law.

Accordingly, to (i) expedite the flow of information, (ii) facilitate the prompt resolution of disputes over confidentiality of discovery materials, (iii) adequately protect information the parties are entitled to keep confidential, (iv) ensure that the

parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, (v) address their handling at the end of the litigation, and (vi) serve the ends of justice, the parties believe that a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **Definitions**

  2.1. **Action:** this pending action, Case No. 2:23-cv-02370-HDV-E.

  2.2. **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

  <u>2.3.</u> **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that (i) a Producing Party uses in, or pertaining to, its business and which is not generally known, nor would be revealed to third parties without a requirement that such information be maintained in confidence, (ii) constitutes, reflects or discloses a "trade secret" as that term is defined in <u>California Civil Code Section 3426.1</u> or other confidential research, development, or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, the disclosure of which the Producing Party reasonably believes could cause harm to the business operations of the Producing Party or provide an improper business or commercial advantage to others, or (iii) is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

  2.4. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "CONFIDENTIAL" information or items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious injury to the Producing Party that could not be avoided by

less restrictive means. Documents and information in one or more of the following categories may qualify for this designation: (i) sensitive technical information, including research, development, design, and manufacturing information; (ii) non-public financial information; (iii) customer lists; (iv) business and/or marketing plans, forecasts and analyses; (v) price lists and/or pricing information not disclosed to the general public; (vi) license agreements; and (vii) information obtained from a Non-Party pursuant to a current Non-Disclosure Agreement ("NDA").

**2.5. Counsel:** Outside Counsel of Record and House Counsel (as well as their support staff).

**2.6. Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**2.7. Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

**2.8. Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.9. House Counsel:** attorneys who are employees of a Party to this Action. "House Counsel" does not include Outside Counsel of Record or any other outside counsel. For the avoidance of doubt, "House Counsel" does not include counsel employed by Cantor Fitzgerald Securities.

**2.10. Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11. Outside Counsel of Record:** attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have

appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including support staff.

**2.12. Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13. Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.14. Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, transcribing, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15. Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY".

**2.16. Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. Scope**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the

Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

This Order does not govern the use of Protected Material during a court hearing or at trial. Any use of Protected Material during a court hearing or at trial shall be governed by the order(s) of the presiding judge.

## 4. Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order directs otherwise. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. Designating Protected Material

**5.1. Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow down the case development process or to impose unnecessary expenses and burdens on another Party) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2. Manner and Timing of Designations.** Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before, or at, the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (both, hereinafter a "CONFIDENTIALITY legend"), as the case may be, to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIALITY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the

protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions, a Designating Party shall, prior to the termination of the deposition, either (i) identify on the record all protected testimony and the level of protection being asserted, or, (ii) state on the record that it will provide its designations, if any, in writing within 21 court days following the termination of the deposition, in which case the Parties shall treat the entirety of the deposition testimony as though it were designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  In the event the Designating Party fails to notify the other Parties of its designations in writing within the 21- day period, the deposition shall be accorded the level of protection asserted by other Designating Parties, if any.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate CONFIDENTIALITY legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3.   Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5.4.**   **Courtesy Notice.** Any Party who reasonably anticipates using Protected Material at a deposition, shall provide written notice to all other Parties sufficiently in advance of the deposition so that each Party may ensure that only authorized individuals are present when such Protected Material is disclosed or used.

**5.5.   Use of Exhibits/Deposition Pages With Protected Material to Be Separately Bound.**  The use of a document as an exhibit at a deposition shall not

affect its designation. Transcripts containing Designated Material shall bear a statement on the cover page noting that the transcript contains Protected Material and the pages containing Protected Material shall be bound separately from the remaining portion of the deposition transcript. The Parties are jointly responsible for informing the court reporter of this requirement.

6. **Challenging Confidentiality Designations**

    **6.1** **Timing of Challenges.** At any time that is consistent with the Court's Scheduling Order, any Party or Non-Party may challenge a designation of confidentiality.

    **6.2.** **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party waives or withdraws the challenged confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

    **6.3.** **No Obligation to Challenge.** No Party shall be obligated to challenge the propriety of any designation, and the failure to do so shall not preclude a subsequent challenge to the propriety of any such designation.

7. **Access to and Use of Protected Material**

    **7.1.** **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (Final Disposition). Protected Material must be stored and maintained by a Receiving Party at a location

and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in connection with the prosecution or defense of this Action and who have signed the "Acknowledgement and Agreement to be Bound" attached as Exhibit A (the "Acknowledgement");

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgement;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgement;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided (1) the deposing Party requests that the witness sign the Acknowledgement, and (2) the witness is not permitted to keep any confidential information unless he or she signs the Acknowledgment, unless otherwise agreed by the Designating Party or ordered by the Court; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**7.3. Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to those persons listed in Section 7.2., above, and no more than three officers, directors, and employees (including House Counsel) of the Receiving Party, to whom it is reasonably necessary to disclose the information in connection with the prosecution or defense for this Action, with the Receiving Party required to disclose the identity of such individuals before disclosure is made to them;

**8.  Protected Material Subpoenaed or Ordered Produced in Other Litigation.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must, unless lawfully prohibited from doing so:

(a) promptly notify in writing the Designating Party which notice shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, which notice shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless

otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in this Section should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     Seeking a Non-Party's Protected Material In This Action**

The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by this Order and nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession, custody or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the Court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court for its Protected Material.

**10.    Unauthorized Disclosure of Designated Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use reasonable efforts to have such person or persons execute the Acknowledgment.

**11.    Inadvertent Production of Privileged Or Otherwise Protected Material.**

If a Party at any time notifies any other Party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure ("Privileged Material"), or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall immediately return all copies of such Privileged Material inadvertently producing Party and shall not use such items for any purpose until further order of the Court. In all events, such return must occur within three (3) court days following receipt of notice or discovery of the inadvertent production. The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**12. Filing Under Seal**

Any Party desiring to file under seal any pleadings or other documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information for use in connection with a hearing or a motion shall comply with Local Rule 79-5, including Local Rule 79-5.2.2, which contains detailed procedures to be followed when, among other things, a Party wishes to file documents that have been designed as confidential by another Party. See Local Rule 5-2.2(b). No Party shall file in the public record any pleadings or other documents containing Designated Material that is the subject of a pending request to the Court to file it under seal until the Court acts on the application to file under seal.

**13. Final Disposition**

Unless otherwise ordered or agreed in writing by the Producing Party, after the final termination of this action as defined in Section 4, including any appeals, within sixty (60) court days of a written request by the Designating Party, each Receiving Party shall, at its option, destroy all Protected Material or return it to the Producing Party. As used in this section, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any Protected Material. Thereafter, the Receiving Party shall submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline stating that all Protected Material was returned or destroyed, as the case may be.

Notwithstanding anything else in this Protective Order, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section 4 (Duration), above.

**14. Attorney Advice**

Nothing in this Protective Order bars or otherwise restricts an attorney from rendering advice to his or her client with respect to this Action or from relying upon or generally referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof, or to suggest or convey the content of such CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY material, unless such disclosure is permitted under this Order.

**15. Party's Own Information.**

The restrictions on the use of Protected Material established by this Order are applicable only to Protected Material received by a Party from another Party or from a Non-Party. A Party is free to do whatever it desires with its own Protected Material.

**16. Miscellaneous**

**16.1. Right to Seek Further Relief.** Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**16.2. Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO ORDERED.

Dated: October 9, 2024          By: _____
                                    Honorable Charles F. Eick
                                    United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order (the "Order") that was entered by the United States District Court for the Central District of California on _____, 2024 in the case of *Newmark Merrill Companies, Inc. v. Newmark & Company Real Estate, Inc.*, Case No. 2:23-cv-02370-HDV-E. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that my failure to comply could expose me to sanctions and punishment from the Court. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

City and State where sworn and signed:_____

Printed Name:     _____

Signature:        _____

Dated:            _____